**AFFIRMED and Opinion Filed October 15, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01132-CV

## IN THE INTEREST OF M.J.W., A CHILD

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-54222-2018**

## MEMORANDUM OPINION
Before Justices Smith, Garcia, and Kennedy
Opinion by Justice Smith

Appellant Mother appeals from the trial court's October 17, 2023 denial of her motion for enforcement of possession and access. Because we conclude that the trial court did not abuse its discretion in denying Mother's request for extra time, we affirm.

### Factual and Procedural Background

Mother and Father had one child together, M.J.W., who was born in 2009. They divorced in May 2019. In November 2022, Mother filed a motion to modify the parent-child relationship, and in February 2023, Father filed a counterpetition to modify. According to the court's docket sheet, the trial court held several hearings

on temporary orders and made rulings reflected in memorandum opinions. One such memorandum opinion was entered May 23, 2023. Father filed a motion for clarification of the May 23 memorandum opinion regarding temporary orders on June 22, 2023.

On July 7, 2023, Father went to Mother's home and picked up M.J.W. against Mother's wishes. M.J.W. then traveled with Father on vacation, and Father returned M.J.W. to Mother's home on July 22. While M.J.W. was gone, Mother filed a petition for writ of habeas corpus, which the trial court heard and initially granted but then subsequently dissolved. Mother filed an amended petition for writ of habeas corpus, which according to Mother was granted on July 24, after M.J.W. had already been returned. Mother also filed a motion for enforcement of possession and access, followed by an amended motion, arguing that Father removed M.J.W. from Mother's possession on July 7 and did not return her until July 22 in violation of the trial court's May ruling, which Mother contended awarded her the month of July for that year. Mother requested the court to order additional periods of possession and access to make up for her lost time with M.J.W.

The court's docket sheet shows that a temporary order was entered on August 2, 2023, which the parties agree corresponds with the May 2023 ruling. Neither the May memorandum opinion, nor the temporary order entered on August 2, 2023, were made part of the record on appeal; however, the trial court took judicial notice

of its file at the October 11, 2023 hearing on Mother's motion to enforce when questions arose regarding the basis of Mother's petitions for writs of habeas corpus.

After the hearing, the trial court denied Mother's motion for enforcement of possession and access, and this appeal ensued. In her single issue, Mother argues that the trial court abused its discretion in not awarding her fourteen days of makeup time when she was entitled to the entire month of July under the May memorandum opinion and Father admitted he removed the child. Father did not file a responsive brief.

**Additional Periods of Possession or Access under Section 157.168**

A trial court "may order additional periods of possession of or access to a child to compensate for the denial of court-ordered possession or access." TEX. FAM. CODE ANN. § 157.168(a). The underlying order does not have to be "enforceable by contempt to obtain other appropriate enforcement remedies." *Id.* §§ 157.002(d), 157.162(a). However, it is purely within the discretion of the trial court whether to grant a party additional periods of possession or access. *In re K.S.L.*, No. 05-22-00083-CV, 2023 WL 4486210, at *4 (Tex. App.—Dallas July 12, 2023, no pet.) (mem. op.).

At the hearing on Mother's motion for enforcement of possession, Mother testified that the trial court's May 2023 memorandum opinion "flipped the custody" and awarded her expanded standard possession. She testified that, when the trial court issued its May 2023 memorandum opinion, she immediately turned M.J.W.

over to Father. It was her understanding that she was entitled to possession of M.J.W. for the entire month of July. However, on July 7 at around 9:30 p.m., Father went to Mother's house and picked up M.J.W. He did not communicate with Mother that he planned to pick up M.J.W. and Mother did not give M.J.W. permission to leave. Mother saw that M.J.W. had gone to Father's house through the tracking device on M.J.W.'s phone, so she went to Father's house in an attempt to regain possession. The police were called, but they did not return M.J.W. to Mother.

M.J.W. then traveled with Father to New Mexico for vacation. Father attempted to return M.J.W. on July 21, but Mother was getting re-married and was unavailable. Mother was told M.J.W. could not come to the wedding but was allowed to pick M.J.W. up July 22. As a result of the days she missed with M.J.W., Mother requested that the trial court award her fourteen days of makeup time over Thanksgiving and Christmas break.

On cross-examination, Mother admitted that she had known about the trip—it was on OurFamilyWizard[1]—and that M.J.W. had mentioned several times she was going. Mother also acknowledged that the trip to New Mexico was an annual trip that Father took. The evidence further showed that Mother sent a message on July 13 to Father through OurFamilyWizard stating she planned to exercise her summer weeks from July 21 through July 28 and from August 4 through August 11. She

---

[1] Father testified that he notified Mother of the trip on OurFamilyWizard in February 2023, before the temporary orders hearing in May.

requested Father to have M.J.W. at Mother's house by "Monday" at 6 p.m., which she explained at the hearing meant Monday, July 17. Mother also stated the following in her message on OurFamilyWizard, "I will be keeping [M.J.W.] until the temporary orders are signed by the court. It appears we are working under the divorce decree still." Father's counsel asked her if she thought this message might be confusing, but she responded, "No." She explained on re-direct examination that she sent the message on OurFamilyWizard after her petition for writ of habeas corpus had been denied and she had been told that the only enforceable order was the original decree. Father testified that the May memorandum opinion did not specifically address extended summer possession, which is why he filed a motion for clarification with the trial court in June.

Based on the record before us, we cannot conclude, that the trial court abused its discretion by failing to award Mother an additional fourteen days of possession. The evidence showed that the parties were somewhat confused as to what possession order controlled and whether Father's preplanned vacation was still allowed in July. According to the parties, the trip was not discussed at the May hearing on temporary orders, and it does not appear that summer possession was expressly addressed in the May memorandum opinion. Under these circumstances, we conclude the trial court did not abuse its discretion in denying Mother's motion.

**Conclusion**

We overrule Mother's sole issue on appeal and affirm the trial court's October 17, 2023 Order Denying Petitioner's Motion for Enforcement and for Possession.

/Craig Smith/
CRAIG SMITH
JUSTICE

231132F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.J.W., A CHILD,

No. 05-23-01132-CV

On Appeal from the 469th Judicial District Court, Collin County, Texas Trial Court Cause No. 469-54222-2018.
Opinion delivered by Justice Smith. Justices Garcia and Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's October 17, 2023 Order Denying Petitioner's Motion for Enforcement of Possession and Access is **AFFIRMED**.

It is **ORDERED** that appellee WILLIAM MCKINLEY WHALING recover his costs of this appeal from appellant KELI JO WHALING.

Judgment entered this 15th day of October 2024.